```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
SAMBA ENTERPRISES, LLC,              :

                Plaintiff,           :     MEMORANDUM DECISION

        - against -                  :     06 Civ. 7660 (DC)

IMESH, INC.,                         :

                Defendant.           :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/09

**APPEARANCES:**     ADVOCATE & LICHTENSTEIN, LLP
          By: Jason A. Advocate, Esq.
          780 Third Avenue, 4th Floor
          New York, New York  10017

          MEISTER SEELIG & FEIN LLP
          By: Jeffrey A. Kimmel, Esq.
          2 Grand Central Tower
          140 East 45th Street, 19th Floor
          New York, New York  10017

**CHIN, District Judge**

On October 7, 2009, I entered a stipulated judgment against defendant iMesh, Inc. ("iMesh") in the amount of $571,174.48.  The judgment was entered without prejudice to either party's right to appeal.  On October 8, 2009, plaintiff Samba Enterprises, LLC ("Samba") domesticated the judgment in New York Supreme Court, New York County, by filing a Transcript of Judgment with the county clerk pursuant to N.Y. C.P.L.R. § 5018 (2007).  On October 9, 2009, Samba, through a New York City Marshal, served a Property Execution with Notice To Garnishee in the amount of $599,897.98 on an iMesh account at Citibank, an amount that reflects the amount of the judgment plus interest, fees, and the marshal's poundage.  By letter dated October 13,

2009, iMesh asked the Court to stay execution of the judgment pending its appeal, and sought leave to pay 111% of the amount of the final judgment to the Court to be held in the Court Registry in lieu of a surety bond. On October 14, 2009, iMesh received notice that Samba had already served a writ of execution on iMesh's Citibank account. A series of letters from the parties to the Court followed.

iMesh contends that Samba violated the automatic ten-day stay provisions of Federal Rule of Civil Procedure 62(a) both by docketing the judgment in New York's state court system and by executing on iMesh's bank account. iMesh further contends that the marshal has already removed $599,897.98 from the Citibank account. iMesh requests that the Court order Samba to return the sum to its bank account, and order Samba to pay for all marshal fees, bank fees, attorneys' fees, and any other costs incurred. iMesh also asks the Court to consider imposing sanctions on Samba.

Samba admits that it docketed this Court's judgment in New York Supreme Court, and that the marshal served a writ of execution on Citibank. Samba argues that such actions do not violate Rule 62(a) because as soon as the judgment became domesticated in New York, Samba was entitled to enforce its judgment by all means available under New York law, which, Samba contends, does not include an automatic stay of execution. Samba states further that no sum of money has yet been removed from iMesh's bank account. Samba provides a letter from the marshal

stating that he has received no money from the Citibank account and that he did not expect the bank to release any money for two or three weeks.

Rule 62(a) provides for an automatic ten-day stay of enforcement of judgments, including money judgments. Fed. R. Civ. P. 62(a). The rule is designed to provide the losing party with a period of time in which to decide whether to pursue appeal. 12 Richard A. Posner & Thomas D. Rowe, Jr., Moore's Federal Practice and Procedure § 62.02 (3d ed. 1997). Samba is correct that Rule 62(a) does not prevent a winning party from immediately docketing its federal judgment in state court, even before the expiration of the ten-day period. See Muskin v. Ketchum, No. 04-283, 2004 WL 2360151 (S.D.N.Y. Oct. 20, 2004); Yusov v. Yusuf, 892 F.2d 784 (9th Cir 1989); In re Rainbow Trust, 216 B.R. 77 (B.A.P. 2d Cir. 1997). Samba is also correct that, generally speaking, the procedure governing execution of a federal money judgment follows the rules and practice of the state in which the district court is located. Fed. R. Civ. P. 69(a)(1); Koehler v. Bank of Bermuda Ltd., 544 F.3d 78 (2d Cir. 2008).

Samba is incorrect, however, in arguing that New York's execution procedures excuse it from the clear mandate of Rule 62(a). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). A federal statute that specifically governs

- 3 -

execution preempts any state statute.  See <u>Schneider v. National R.R. Passenger Corp.</u>, 72 F.3d 17 (2d Cir. 1995) ("Rule 69(a) adopts state procedures for execution only to the extent that they do not conflict with any applicable 'statute of the United States.' This term includes the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes.").  The mandatory requirement of an automatic ten-day stay of execution on federal judgments cannot be circumvented simply by domesticating the judgment in a state with a different policy.

Accordingly, it is hereby ORDERED as follows:

1. Samba shall release all pending executions on iMesh's property, and shall refrain from serving any further executions.  Samba shall pay for any marshal fees and/or poundages that have been incurred and for any bank fees that iMesh may have incurred due to Samba's premature execution.  iMesh shall provide an accounting of those fees to Samba and the Court by November 16, 2009.  No attorneys' fees are awarded and no sanctions are imposed.

2. iMesh's motion to stay execution pending its appeal is GRANTED.  iMesh is ORDERED to pay $634,003.67 into the Court Registry by October 22, 2009.

SO ORDERED.

Dated: New York, New York
October 16, 2009

/s/ Denny Chin
DENNY CHIN
United States District Judge