UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAMBA ENTERPRISES, LLC.,                                    DKT#: 06 Civ. 7660

                                  Plaintiff
        -against-

IMESH, INC.,
                                Defendant
------------------------------------------------------------------------X

## MEMORANDUM OF LAW

**KENNETH D. LITWACK, ESQ.**
Counselor at Law, P.C.
Attorney for City Marshal Frank Siracusa
38-08 Bell Blvd, 2nd Floor
Bayside, NY 11361
**Tel:** (718) 428-4806
**Fax:** (718) 947-2794
E-mail: klitwack@aol.com

1

## I. ATTORNEYS THAT HIRE CITY MARSHALS WHO LEVY UPON PROPERTY AT THE ATTORNEY'S REQUEST CAN BE HELD LIABLE FOR POUNDAGE DUE TO A MARSHAL UNDER NEW YORK CIVIL PRACTICE LAW AND PROCEDURE §8012(b)

New York State CPLR §8012(b) states that where there is collection, a settlement or where a levy is vacated, a Marshal[1] is to be paid five (5%) percent of the judgment amount. It is well settled that a Marshal can pursue his claim for poundage by motion and it is not regulated to a plenary action to collect. Knoll v. Knoll, 78 Misc. 2d 710, 358 N.Y.S. 2d 92 (Sup. Ct. – New York County 1974). While CPLR §8012(b) clearly states that a Marshal is entitled to poundage when there is a judgment, settlement or when a levy is vacated after the Marshal has levied, the statue is not explicit as to which party is responsible for paying the fee. See Supplemental Practice Commentaries McKinney's Civil Practice Law and Rule by Vincent C. Alexander, 8012:1. Normally it is the debtor that is liable to pay the Marshal's fee. See Greenfield v. Tripp, 23 Misc. 2d 1088, 206 N.Y.S. 2d 581 (1984). However, where the judgment creditor is deemed to have improperly caused the levy or has interfered with the Marshal's collection process, the creditor can be held responsible for the fee. See Petition of Associated Food Stores, Inc., 126 Misc. 2d 541, 483 N.Y.S. 2d 581 (1984) and Zimmerman v. Engle, 114 N.Y.S. 2d 293 (1952).

A Marshal's right to poundage is wholly statutory and the statute must be strictly construed. See Alvarez v. Brooklyn, Hospital-Caledonian Hospital et al., 255 A.D.ed 278, 679, N.Y.S. 2d 408 (2nd Dept. 1998); CPLR 8012[b]. A party can not escape its statutory obligation for the payment of poundage once it has used a process of the courts and the services of the Sheriff or Marshal. See Gazerwitz v. Adrian, 57 Misc. 2d 748, 293 N.Y.S. 2d 441 (Sup. Ct. – Kings County 1968).

---

[1] While the statue refers to Sheriff, New York Civil Court Act §1609 that wherever the CPLR makes referenced to a Sheriff the statue also applies to a City Marshal.

Recently, the New York State Appellate Division First Department affirmed the right of a Marshal to collect poundage from an attorney who has retained the services of a Marshal. See Cabrera v .Hirth, 2011 NY Slip O.P. 06394. In that case the court stated that,

> "Where the collection process has been commenced but has not been completed, a Sheriff may still be entitled to a poundage fee under three circumstances: (1) where 'a settlement is made after a levy by virtue of an execution' (CPLR §8012(b)(2)); (2) where the 'execution is vacated or set aside' (CPLR §8012(b)(2)); (3) where there has been an affirmative interference with the collection process, thus preventing a [Marshal] from actually collecting the assets."

The Court further stated that in circumstance where the levy is vacated the party responsible for payment of the poundage is usually the plaintiff. That is what Justice Chin decided in this matter when he vacated the premature levy that plaintiff caused to take place by having the Marshal levy. Subsequently, there was an appeal and plaintiff obtained its full judgment amount. On June 3, 2011, Justice Patterson directed that SAMBA ENTERPRISES, LLC., pay the Marshal's poundage and fees in the amount of $28, 949.22. Unfortunately, despite the promises made by plaintiff's counsel to make sure that the Marshal would be paid it appears that the money was distributed by Jason Advocate, Esq. and his Law Firm directly to plaintiff without withholding the Marshal's poundage.

There is a judicially created exeption to the rule of thumb that in most cases the defendant/debtor is to pay the Marshal's poundage. Where a party affirmably interferes with the collection of the

money, that party can be held liable for the Marshal's poundage. (See Weinstein-Korn-Miller, N.Y. Civ Prac 8012.04 [2d ed].

In Cabrera, supra, the Appellate Court found that it was both plaintiff and counsel that "thwarted" the Marshal's efforts. There court stated that the fact that plaintiff agreed to take payment directly from the debtor "is an affirmative act interfering with such collection by the Marshal." In Cabrera, supra, it was uncontroverted that the matter was settled when the defendant's insurers paid the full amount of the judgment to plaintiff's counsel after the Marshal had levied on defendants bank accounts. In Cabrera, supra, as in the case here, plaintiff's counsel was premature in asking the Marshal to levy. In the case at bar, Justice Chin determined that plaintiff and its attorney was premature in levying and as a result vacated the levy and ordered SAMBA to pay the Marshal's fees. In Cabrera, supra, the Appellate Court determined that not only plaintiff, but also its counsel "thwarted" the efforts of the Marshal to collect on its judgment, thus rendering both of them responsible for payment of the Marshal's poundage fee. That should be the ruling of this Court as well since it is very clear that Jason Advocate, Esq., mislead both the Marshal and the court in promising that he would assure that the Marshal's poundage would be paid.

## II. PLAINTIFF AND PLAINTIFF COUNSEL SHOULD PAY THE MARSHAL'S ATTORNEYS REASONABLE COUNSEL FEES

Very simply, CPLR §8012(b)5 states that "A [Marshal] who brings an action in a court of competent jurisdiction to collect such amount provided for in this subdivision may also be awarded reasonable attorneys fee and court costs." No application was previously made for

4

attorney's fees in this matter, which date back to the initial motion and judgments that were submitted to the court to have plaintiff pay the Marshal's poundage. Additional work now had to be done because Jason Advocate's, Esq., evaded paying the Marshal by actively helping his client to deprive the Marshal of his fee. In light of the foregoing, it is only fair that the plaintiff's attorneys be responsible for the Marshal's legal fees.

Dated: Bayside, New York
October 21, 2011

_____
KENNETH D. LITWACK, ESQ.
Counselor at Law, P.C.
Attorney for City Marshal Frank Siracusa
38-08 Bell Blvd, 2nd Floor
Bayside, NY 11361
Tel: (718) 428-4806
Fax: (718) 947-2794
E-mail: klitwack@aol.com

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAMBA ENTERPRISES, LLC.,                                     DKT#: 06 Civ. 7660

                           Plaintiff,

         -against-

IMESH, INC.,
                         Defendant.
------------------------------------------------------------------------X

## AFFIDAVIT OF SERVICE BY MAIL

State of New York   )
                         ) ss:
County of Queens    )

**DALUZA VILLA,** being duly sworn deposes and says:

I am over 18 years of age and not a party to this action. My business address is 38-08 Bell Blvd., Bayside, New York 11361. On **OCTOBER 21, 2011,** I served the within **MEMORANDUM OF LAW** upon:

Jason Advocate, Esq.
Advocate & Lichtenstein, LLP
780 Third Avenue, 4th Floor
New York, NY 10017

by United States first-class mail by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of them at the address set forth above.

**Dated:** October 21, 2011

                                                              **DALUZA VILLA**

Sworn before me this
21st day of October, 2011

_____
**NOTARY PUBLIC**

                                      KENNETH LITWACK
                             NOTARY PUBLIC, STATE OF NEW YORK
                                   No. 02LI4882446
                             Qualified in Queens County
                           Commission Expires Dec. 22, 2014

**DKT NO:** 06 Civ. 7660

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMBA ENTERPRISES, LLC.,

                Plaintiff

-against-

IMESH, INC.,

                Defendant

## MEMORANDUM OF LAW

### KENNETH D. LITWACK, COUNSELOR AT LAW, P.C.

Attorney for
City Marshal Siracusa
Office and Post Office Address, Telephone
38-08 Bell Boulevard, 2nd Floor
Bayside, NY 11361
(718) 428-4806
(718) 947-2794 Fax

**KENNETH D. LITWACK, ESQ.**                                   **TARA A. CHERRICK, ESQ.**

---

Service of a copy of the within is hereby admitted.

Dated,

ATTORNEY'S SIGNATURE PURSUANT TO
22 NYCRR 130-1 1a

Attorney(s) for

Sir:-Please take notice

☐ NOTICE OF ENTRY
that the within is a true copy of a
duly entered in the office of the clerk of the within named court on                    , 2011

☐ NOTICE OF SETTLEMENT
that a          which the within is a true copy will be presented for settlement to the
one of the judges of the within named court        .

Dated,

Yours, etc.
**KENNETH D. LITWACK, Counselor at Law, P.C.**
Attorney for City Marshal Siracusa
Office and Post Office Address
38-08 Bell Boulevard, 2nd Floor
Bayside, New York 11361

To